### EXPORTERS' ALLIANCE, Inc., v. WINNEGRADE.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

CONTRACTS ☞346—ACTION—ISSUES, PROOF, AND VARIANCE.

In a suit on a contract to afford defendant publicity in plaintiff's catalogues, where the complaint alleged that the plaintiff had performed the terms and conditions of the contract, but that defendant had failed to pay the sums due, the only issue tendered was the performance of the contract, and plaintiff could not show that it was not performed because defendant had failed to furnish certain cuts and advertisements.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718-1751; Dec. Dig. ☞346.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Exporters' Alliance, Incorporated, against Morris Winnegrade. From a judgment rendered in favor of plaintiff after trial without a jury, defendant appeals. Reversed, and new trial ordered, with leave to plaintiff to amend.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Deutsch & Schuhmann, of New York City (Max Schuhmann and David D. Deutsch, both of New York City, of counsel), for appellant.

Clarence H. Fay, of New York City (William W. Pellet, of New York City, of counsel), for respondent.

HENDRICK, J. Plaintiff sues on a contract, part of which reads:

"The party of the first part [plaintiff] hereby agrees to contribute unto the party of the second part [defendant], as part of its service, publicity in the catalogues that may be published by the party of the first part during the life of this agreement."

And it alleges in its complaint:

"V. That the plaintiff *has performed* the terms and conditions by it in said contract agreed to be performed, but that the defendant has failed to pay the installments of $30 falling due on the 12th day of March, April, and May, 1914, although payment has been duly demanded, so that there is now an aggregate of $90 due to plaintiff from the defendant."

This allegation is denied by the defendant. Plaintiff's proof consists of the contract in suit and the testimony of its president, who

admitted that nothing had been done to carry out that part of the contract in which the plaintiff agreed to contribute, as part of its service, publicity in its catalogues for the goods of the defendant, and for the reason that defendant failed· to furnish it with cuts and advertisements. The allegation in the complaint that the plaintiff has performed the terms and conditions by it in said contract agreed to be performed does not permit proof that the contract had not been complied with because of the failure of the defendant to furnish certain cuts and advertisements, of which no mention was made in the pleadings. The only issue tendered by the pleadings was the performance of the terms of the contract, not the excuse for its nonperformance, and the admission of evidence of the excuse for such nonperformance ·was error. Plaintiff alleged performance of its contract. It cannot recover unless full performance is established.

Judgment appealed from is reversed, and a new trial ordered, with costs to appellant to abide the event, with leave to plaintiff to amend its complaint upon the payment of $10 costs. All concur.